IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY PENTON,

        Plaintiff,                    No. 2:11-cv-0518 KJN P

    vs.

S. HUBBARD, et al.,

        Defendants.          <u>ORDER</u>

                          /

       Plaintiff consented to proceed before the undersigned for all purposes. <u>See</u> 28 U.S.C. § 636(c). On November 18, 2011, plaintiff filed a request for reconsideration of this court's order filed October 31, 2011, which affirmed the July 13, 2011 order dismissing the original complaint without prejudice. Plaintiff renews his request that he be allowed to amend the instant 43 page amended complaint to include a challenge to the 2007 prison disciplinary. Plaintiff claims that some of the defendants named in the amended complaint also played a role in violating plaintiff's due process rights based on their role in the administrative appeal process.

       On August 12, 2011, plaintiff filed an amended complaint raising only his claims concerning interference with plaintiff's incoming and legal mail. As plaintiff was previously informed, these allegations concerning mail delivery are unrelated to the prison disciplinary that plaintiff also seeks to challenge. (Dkt. No. 19.) Plaintiff seeks leave to file a second amended

1

1  complaint to add his challenge to the 2007 prison disciplinary which was not included in the
2  amended complaint.  Plaintiff may join multiple claims if they are all against a single defendant.
3  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple
4  lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, . . . . 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Plaintiff's challenge concerning interference with incoming and legal mail is unrelated to plaintiff's challenge to the 2007 prison disciplinary.  Thus, plaintiff's reliance on Rule 20(a)(2) of the Federal Rules of Civil Procedure is unavailing because the interference with plaintiff's mail claim did not arise out of the same transaction, occurrence, or series of transactions or occurrences as the 2007 prison disciplinary.  Moreover, to the extent plaintiff argues defendants in the instant action, specifically Pool, Virga and Walker, also violated plaintiff's due process rights during his administrative appeals from the 2007 prison disciplinary, such claims are unavailing, as plaintiff was previously informed. (Dkt. No. 11 at 4-5, citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).)  Allowing plaintiff to amend to include his challenge to the unrelated 2007 prison disciplinary would only complicate and further delay this action.

Accordingly, plaintiff's motion for reconsideration is partially granted.  Upon reconsideration, the October 31, 2011 order is affirmed.  However, in an abundance of caution,

the Clerk of the Court is directed to file a copy of plaintiff's February 24, 2011 complaint and the instant order, in a new action, assigned to the undersigned magistrate judge, and opened nunc pro tunc as of February 24, 2011.  Plaintiff is granted thirty days in which to file an amended complaint in that new action, bearing the case number of the new action, not the instant action.  Any such amended complaint shall solely challenge the 2007 prison disciplinary.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's November 18, 2011 motion for reconsideration (dkt. no. 20) is partially granted;

2. Upon reconsideration, the October 31, 2011 order (dkt. no. 19), is affirmed; and

3. The Clerk of the Court is directed to file a copy of plaintiff's February 24, 2011 complaint (dkt. no. 1) and the instant order, in a new action, assigned to the undersigned magistrate judge, and filed nunc pro tunc as of February 24, 2011.  Plaintiff is granted thirty days in which to file an amended complaint in that new action, bearing the case number of the new action, not the instant action.  Any such amended complaint shall solely challenge the 2007 prison disciplinary.

DATED:  December 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pent0518.850b