1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY PENTON,

11           Plaintiff,                         No.  2:11-cv-3319 TLN KJN P

12       vs.

13   HUBER, et al.,

14           Defendants.              ORDER

15   _____/

16           Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

18   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19           On March 19, 2013, the magistrate judge filed findings and recommendations

20   herein which were served on all parties and which contained notice to all parties that any

21   objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff

22   has filed objections to the findings and recommendations.  Defendants filed a reply.

23           Defendants object that plaintiff submitted new evidence and legal theories in his

24   objections that were not included with his complaint or in his opposition to the motion to

25   dismiss.  (ECF No. 38 at 2.)  A district court "has discretion, but is not required," to consider

26   evidence and claims raised for the first time in the objection to a magistrate judge's report.

1

1   United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000); see also Brown v. Roe, 279 F.3d

2   742, 745 (9th Cir. 2002).  The district court must, however, "actually exercise its discretion" and

3   not merely accept or deny the new claims.  Howell, 231 F.3d at 622.

4           Here, the record reflects that plaintiff received two extensions of time in which to

5   file an opposition to the motion.  (ECF Nos. 21 & 22.)  Moreover, the magistrate judge took into

6   consideration objections and plaintiff's reply filed in response to earlier findings and

7   recommendations, and issued the amended findings and recommendations at issue here.  (ECF

8   Nos. 28-30.)  Plaintiff does not explain why he failed to earlier submit his evidence or to include

9   his new arguments in his opposition or his reply to the prior objections.  See Akhtar v. Mesa, 698

10  F.3d 1202 (9th Cir. 2012) ("The district court noted that Akhtar did not explain in his objections

11  why he failed to file a timely opposition to [the] motion to dismiss.")  "[A]llowing parties to

12  litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy

13  and present a different theory to the district court would frustrate the purpose of the Magistrates

14  Act."  Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988), overruled on other

15  grounds by United States v. Hardesty, 977 F;2d 1347 (9th Cir. 1992.)  For these reasons, the

16  court declines to consider plaintiff's new evidence[1] and arguments raised for the first time in his

17  May 6, 2013 objections.

18          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

19  304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire

20  file, the court finds the amended findings and recommendations to be supported by the record

21  and by proper analysis.

22  ////

23  _____

24      [1] Plaintiff's Exhibits A, B-2, B-3, C, D, E-1, and E-2 (ECF Nos. 37-1 at 3, 9, 27, 42, 58
    & 60) were not previously submitted to the court.  These new exhibits were not appended to his
    original complaint (ECF No. 1 at 44-46), or to his opposition to the motion to dismiss (ECF No.
25  23 at 23-32).  Plaintiff did not append exhibits to his first amended complaint (ECF No. 5), or to
    his March 1, 2013 reply to defendants' objections to the prior findings and recommendations
26  (ECF No. 30).

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.  The amended findings and recommendations filed March 19, 2013, are

3   adopted in full;

4       2.  Defendants' motion to dismiss (ECF No. 18) is granted in part:

5           a.  Plaintiff's claim that he was denied due process prior to his initial

6   placement in administrative segregation is dismissed;

7           b.  Plaintiff's claim that his due process rights were violated based on the

8   untimely rules violation report ("RVR") hearing is dismissed; and

9           c.  Plaintiff's claim that his due process rights were violated because the

10  hearing officer at the RVR hearing was not impartial are dismissed without prejudice;

11      3.  As to plaintiff's claim that his due process rights were violated because

12  plaintiff was unable to call witnesses at the RVR hearing, defendants' motion to dismiss is

13  denied;

14      4.  Plaintiff may file a motion to amend, accompanied by a second amended

15  complaint,[2] within thirty days from the date of this order; and

16      5.  Defendants' obligation to answer claims not dismissed by the district court is

17  suspended pending resolution of plaintiff's motion to amend.  If plaintiff does not file a motion

18  to amend, defendants shall file an answer twenty-one days after plaintiff's deadline to file a

19  second amended complaint expires.

20  DATED:  May 30, 2013

21

22                                          _____

    /pent3319.805                           Troy L. Nunley

23                                          United States District Judge

24

---

25      [2]  Plaintiff is not required to seek leave to amend.  If plaintiff fails to timely file a motion
    to amend, accompanied by a proposed second amended complaint, this action will proceed on

26  plaintiff's amended complaint as to any claim not dismissed by this order.