UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON,<br><br>              Plaintiff,<br><br>       v.<br><br>HUBER, et al.,<br><br>              Defendants. | No.  2:11-cv-3319 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel.  On November 12, 2013, plaintiff filed a request for extension of time to complete discovery pending the court's ruling on plaintiff's request for reconsideration of his request to file a second amended complaint, which the court construes as a motion to amend.  On November 18, 2013, plaintiff filed a motion to compel production of documents.  Defendants oppose both motions.  Plaintiff did not file a reply to defendants' oppositions.  As set forth more fully below, the court denies plaintiff's motion to amend, motion to compel discovery and motion to reopen discovery.

Background

Pursuant to the district court's order filed May 31, 2013, this action is proceeding solely as to plaintiff's claim in his first amended complaint that his due process rights were violated because plaintiff was unable to call witnesses at the May 30, 2009 rules violation report ("RVR") hearing.  (ECF No. 39.)  On July 29, 2013, the court issued its scheduling order.  (ECF No. 41).

1

Discovery closed on November 15, 2013, and all requests for discovery were to be served not later than sixty days prior to November 15, 2013. (ECF No. 39 at 5.)

Motion to Amend

Plaintiff claims that on June 25, 2013, he filed a request for a sixty day extension of time to file a second amended complaint pursuant to the district court's May 31, 2013 order permitting the same. After plaintiff received the court's scheduling order, he claims that on August 7, 2013, he filed a motion to "halt" this action and allow plaintiff an additional thirty days in which to file a second amended complaint. Plaintiff also claims that he gave his legal materials to inmate Harmon on August 4, 2013, in order to draft the second amended complaint, but that inmate Harmon was removed from general population and plaintiff has been unable to obtain return of his legal materials. Plaintiff did not provide a proposed second amended complaint, despite his claim that he has "since drafted another second amended complaint." (ECF No. 44 at 2.)

Defendants oppose plaintiff's motion to amend, claiming plaintiff's June and August purported filings are not on the court's docket, and were not received by defendants. Moreover, defendants contend plaintiff has not been diligent and has not explained his failure to timely comply with the court's scheduling order.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). "It is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint." Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997). Thus, an amended or supplemental complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also E.D. Local Rule 220.

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (not an abuse of discretion to deny amendment where desired amendment would cause undue delay and prejudice opposing parties). However, because

1   a pretrial scheduling order has been filed in this action, resolution of this motion to amend is
2   governed by Rule 16 of the Federal Rules of Civil Procedure.  Johnson v. Mammoth Recreations,
3   Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  "Once the district court filed a pretrial scheduling
4   order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards controlled."  Id.
5   Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's
6   consent."  Fed. R. Civ. P. 16(b)(4).

7        Here, on July 29, 2013, the court issued its first scheduling order.  (ECF No. 41.)
8   Therefore, the court considers the present motion under the Rule 16 standard for amendment and
9   secondarily under the standard of Rule 15(a).  See Jackson v. Laureate, Inc., 186 F.R.D. 605, 607
10  (E.D. Cal. 1999).

11       While amendment of pleadings is ordinarily liberally granted under Federal Rule of Civil
12  Procedure 15(a), a movant must demonstrate "good cause" to justify amendment under Federal
13  Rule of Civil Procedure 16(b).  Johnson, 975 F.2d at 606-07.  The "good cause" standard
14  "focuses on the diligence of the party seeking amendment."  Id. at 607 (citing Johnson, 975 F.2d
15  at 609).  The district court may modify the pretrial schedule if it cannot reasonably be met despite
16  the diligence of the party seeking the extension."  Johnson, 975 F.2d at 609 (internal quotation
17  marks omitted).  "If the party seeking the modification was not diligent, the inquiry should end
18  and the motion to modify should not be granted."  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080,
19  1087 (9th Cir. 2002) (internal quotation marks omitted).  Put simply, "good cause" means
20  scheduling deadlines cannot be met despite a party's diligence.  6A Wright, Miller & Kane,
21  Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990).  In addition to a lack of diligence,
22  "prejudice to the party opposing the modification" may supply additional reasons to deny
23  modification.  Johnson, 975 F.2d at 609.

24       In order to demonstrate diligence, plaintiff must show whether he collaborated with the
25  court in setting a schedule; whether matters that were not, and could not have been, foreseeable at
26  the time of the scheduling conference caused the need for amendment; and whether the movant
27  was diligent in seeking amendment once the need to amend became apparent.  Id. at 608
28  (citations omitted).  "[C]arelessness is not compatible with a finding of diligence and offers no

1  reason for a grant of relief." Johnson, 975 F.2d at 609.  However, the district court is given broad
2  discretion under Rule 16.  Id. at 607.

3  Therefore, in interpreting the "good cause" requirement under Federal Rule of Civil
4  Procedure 16(b), the court considers, primarily, "the diligence of the party seeking the
5  amendment." Johnson, 975 F.2d at 609.  As a secondary consideration, the court considers the
6  degree of prejudice to the opposing party.  Id.

7  First, the court notes that plaintiff amended his complaint as of right on January 9, 2012.
8  (ECF No. 5.)

9  Second, plaintiff has failed to demonstrate diligence.  As noted by defendants, the court
10  did not receive plaintiff's alleged requests for extension of time to amend, which he claims he
11  submitted in June and August of 2013.  Plaintiff did not further contact the court to inquire why
12  he received no response to his alleged requests for extensions of time.  Although plaintiff
13  provided a copy of a request dated August 7, 2013, it does not bear the court's file stamp.  (ECF
14  No. 44 at 4-5.)  In addition, plaintiff did not provide copies of his prison mail log demonstrating
15  that legal mail was mailed to the court or to defendants in June or August of 2013.  The court's
16  docket reflects no filings by plaintiff between May 7, 2013, and November 12, 2013, and defense
17  counsel did not receive plaintiff's alleged June or August 2013 filings.  Plaintiff provided a copy
18  of his request for legal assistance by another inmate, but such request was dated August 10, 2013,
19  after plaintiff's deadline to file his second amended complaint expired.  Indeed, plaintiff provided
20  inmate Harmon with plaintiff's legal materials on August 4, 2013, long after the deadline to file
21  the second amended complaint had expired.  These facts do not constitute diligence.

22  Third, defendants would be prejudiced by allowing plaintiff to amend at this late date.
23  This action was filed on February 24, 2011.  Defendants have conducted discovery, including
24  taking plaintiff's deposition, based on the sole remaining claim identified in the district court's
25  May 31, 2013 order.

26  Fourth, plaintiff was granted leave to amend solely as to his claim that the hearing officer
27  was impartial, and any claim not dismissed by the district court.  (ECF No. 33 at 21 n.6.)
28  Plaintiff did not file an objection to this part of the findings and recommendations, and the district

4

court dismissed all of plaintiff's claims except for his claim that he was not allowed to call witnesses at the RVR hearing. Therefore, plaintiff could only amend his complaint as to his claims that the hearing officer was impartial, and refused witnesses, yet failed to timely do so. Plaintiff has failed to demonstrate that he was pursuing discovery or performing research such that he was unable to timely draft the second amended complaint on such concrete issues.

Finally, plaintiff's motion was not accompanied by a proposed second amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Plaintiff was twice informed that he was required to submit the proposed second amended complaint. (ECF Nos. 33 at 21; 39 at 3.) Because plaintiff did not submit a proposed second amended complaint, the court is unable to evaluate it.

For all of the above reasons, plaintiff's motion to amend is denied.

Motion to Compel Discovery

Plaintiff seeks to compel the production of documents. Defendants contend that plaintiff's discovery requests were untimely under the court's scheduling order.

Plaintiff's request for the production of documents was served on defendants on November 7, 2013. (ECF No. 47-1 at 2.) Plaintiff's interrogatories and request for admissions were served on defendants on November 14, 2013. (ECF No. 47-1 at 3.) As set forth above, plaintiff's discovery requests were required to be served sixty days prior to November 15, 2013. (ECF No. 41 at 5.) Thus, under the terms of the court's scheduling order, plaintiff's discovery requests were untimely propounded. Accordingly, plaintiff's motion to compel responses is denied.

Motion to Reopen Discovery

Plaintiff seeks to reopen discovery. Defendants oppose plaintiff's request.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if

it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Here, plaintiff has failed to show good cause for his failure to timely conduct discovery. Although plaintiff argues that inmate Harmon was suddenly transferred and plaintiff was unable to retrieve his legal materials, plaintiff states that he recruited inmate Harmon's assistance to file a second amended complaint. Plaintiff fails to show good cause for his failure to conduct discovery from July 29, 2013, when the scheduling order issued, or to explain why he failed to propound discovery until November of 2013. Plaintiff has not demonstrated diligence in pursuing discovery. Moreover, plaintiff fails to demonstrate what discovery he may require to support his remaining claim that he was denied witnesses at the RVR hearing. Therefore, the court finds no good cause exists to reopen discovery.

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 44) is denied;
2. Plaintiff's motion to compel discovery (ECF No. 46) is denied; and
3. Plaintiff's motion to reopen discovery (ECF No. 44) is denied.

Dated: January 3, 2014

/pent3319.mta

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6