UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON, | No. 2:11-cv-3319 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| HUBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. On January 30, 2014, defendant Sims filed a motion to modify the pre-trial motion deadline to grant him additional time to file a motion for summary judgment. (ECF No. 49.) On February 12, 2014, plaintiff filed a motion styled, "Plaintiff's Objection to this Court's Order Denying Request to Compel Discovery and Motion to Reopen Discovery." (ECF No. 50.) Plaintiff concedes that he will not pursue filing a second amended complaint at this late date. (ECF No. 50 at 4.) However, plaintiff seeks reconsideration of the court's order denying his request to reopen discovery, pointing out that he was confused as to the deadline by which he was required to propound discovery, which confusion was compounded by his efforts to amend the complaint; he was prejudiced by his requests for extension not being received by the court; and he fully cooperated by responding to defendant's discovery requests, including producing documents at his November 15, 2013 deposition.

1

Plaintiff filed a declaration by jailhouse lawyer Jimmie Harmon, CDC No. C-95182, confirming that plaintiff gave Mr. Harmon plaintiff's legal work in early August 2013 in order for Harmon to draft a second amended complaint.  Mr. Harmon confirms that his efforts to assist plaintiff and to return plaintiff's legal materials to plaintiff were thwarted by Mr. Harmon's transfer to a different housing unit, subsequent placement in administrative segregation, the building officer's alleged refusal to allow plaintiff entry to retrieve the legal materials, and the law librarian's alleged refusal to take possession of plaintiff's legal materials.[1]  (ECF No. 50 at 14-19.)  Plaintiff provided a copy of an Inmate Request for Legal Assistance form in which Mr. Harmon was granted permission to provide plaintiff with legal assistance on August 10, 2013. (ECF No. 50 at 20.)

Plaintiff also provided a copy of his own personal mail log which contains notations suggesting that plaintiff presented the following documents to prison officials for mailing and filing in this action:

- April 2, 2013, motion for extension of time
- June 25, 2013 second request for extension of time
- August 8, 2013 motion to halt all proceedings

(ECF No. 50 at 11.)

---

[1] Title 15 of the California Code of Regulations, § 3163 provides as follows:

> One inmate may assist another in the preparation of legal documents, but shall not receive any form of compensation from the inmate assisted. Legal papers, books, opinions and forms being used by one inmate to assist another may be in the possession of either inmate with the permission of the owner. All papers must be returned to the respective owners when either inmate is transferred to another institution or when other administrative action prevents direct communications between the inmates. An inmate may be barred from giving legal assistance to other inmates when violations of regulations and established procedures relate directly to such activities. An inmate will not be barred from giving or receiving legal assistance for violations of regulations and procedures which are unrelated to providing or receiving legal assistance
> However, no otherwise prohibited contacts or access to prohibited areas will be permitted because of this regulation.

Cal. Code Regs. tit. 15 § 3163.

Court records reveal that on April 5, 2013, the court filed plaintiff's March 28, 2013 request for extension of time to file objections to findings and recommendations (ECF No. 35), and plaintiff's next filing was his request to extend discovery, signed November 4, 2013, and docketed on November 12, 2013 (ECF No. 44).  In other words, the court did not receive plaintiff's alleged April 2, June 25, or August 8, 2013 submissions.  Plaintiff's initial request to extend the time to conduct discovery was filed prior to the November 15, 2013 discovery cutoff. (ECF No. 44.)

In an abundance of caution, the court partially grants plaintiff's request, and will reopen discovery for a limited time and purpose.  However, the court will not direct defendant to answer the previously-propounded discovery requests because such requests were overly-broad and pertained to claims no longer at issue here.  (See, e.g., ECF No. 46 at 3-6;[2] 22-26, 27-30.)  Rather, plaintiff is provided a brief period of time in which to propound interrogatories and requests for production of documents[3] to defendant Sims, but such discovery is specifically limited to plaintiff's claim that his due process rights were violated because he was unable to call witnesses at the May 30, 2009 rules violation hearing.  (ECF No. 39 at 3).  The sole remaining issue here pertains to witnesses, and plaintiff should carefully craft his discovery requests accordingly. Plaintiff shall forthwith, but no later than March 28, 2014, propound interrogatories and/or a request for production of documents on defendant Sims.  Defendant Sims shall respond to such discovery requests within thirty days from his receipt of such requests.  The court is not inclined to grant extensions of time to either party.

////

---

[2] Plaintiff's request that defendant provide plaintiff with his complete central file is inappropriate because plaintiff has access to his central file and may obtain pertinent documents from his central file by following prison procedures.  Moreover, given that plaintiff has been imprisoned since March 23, 2000, numerous documents contained in plaintiff's central file would not be relevant to plaintiff's remaining claim.

[3] The court intentionally omitted requests for admissions because the bulk of plaintiff's requests for admissions addressed the authenticity of documents, which is addressed at trial; and the remaining requests were not relevant to plaintiff's remaining claim, except for the last request, which can be addressed through an interrogatory.  (See ECF No. 46 at 27-30.)

1    Plaintiff shall have twenty-one days from receipt of defendant's discovery responses in
2 which to file a motion to compel.  Any motion to compel shall be briefed on the papers pursuant
3 to Local Rule 230(l).
4    In light of this order, the dispositive motion deadline must also be extended.  Thus,
5 defendant's motion is also granted.
6     Good cause appearing, IT IS HEREBY ORDERED that:
7    1. Plaintiff's motion (ECF No. 49) is partially granted; discovery is reopened for the
8 limited purpose of allowing plaintiff to propound interrogatories and/or a request for production
9 of documents on defendant Sims, limited to discovery relevant to plaintiff's claim that his due
10 process rights were violated because he was unable to call witnesses at the May 30, 2009 rules
11 violation hearing.
12    2. Plaintiff shall forthwith, but no later than March 28, 2014, propound interrogatories
13 and/or a request for production of documents on defendant Sims.  Defendant Sims shall respond
14 to such discovery requests within thirty days from his receipt of such requests.  Twenty-one days
15 from receipt of defendant's discovery responses, plaintiff may file a motion to compel further
16 responses.
17    3. Defendant's motion (ECF No. 50) is granted.  The February 7, 2014, pre-trial motion
18 deadline is extended up to and including July 21, 2014.
19 Dated: February 28, 2014

21 /pent3319.s

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4