UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON, | No. 2:11-cv-3319 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| HUBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Pursuant to the district court's order filed May 31, 2013, this action is proceeding solely as to plaintiff's claim in his first amended complaint that his due process rights were violated because plaintiff was unable to call witnesses at the May 30, 2009 rules violation report ("RVR") hearing. (ECF No. 39.) Multiple motions are pending, which the court addresses below.

On March 21, 2014, defendant Sims filed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss plaintiff's claims based on his alleged failure to exhaust administrative remedies. Recently, the Ninth Circuit Court of Appeals, in Albino v. Baca, __ F.3d __, 2014 WL 1344468 (9th Cir. Apr. 7, 2014) (en banc), held that a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, not an unenumerated 12(b) motion to dismiss, is the appropriate vehicle for challenging a prisoner's claims based on an alleged failure to exhaust administrative remedies. Thus, defendant's motion to dismiss is denied

1

1 without prejudice to re-filing a motion for summary judgment.  If defendant moves for summary
2 judgment, defendant must contemporaneously serve with the motion, but in a separate document,
3 a copy of the attached Rand Notice.  See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012);
4 Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  Failure to do so may constitute grounds for
5 denial of the motion.

6      In light of the denial of defendant's motion to dismiss, plaintiff's motion for extension of
7 time to oppose the motion to dismiss is denied as moot.

8      By order filed February 28, 2014, plaintiff was granted leave to propound interrogatories
9 and a request for production of documents on defendant Sims.  (ECF No. 51.)  On April 4, 2014,
10 plaintiff filed documents entitled "Request to Compel the Production of Documents and/or
11 Inspection Thereof," and "Plaintiff's Interrogatories and Request for Production of Documents. . .
12 ."  (ECF No. 54; 54-1.)  Although styled as a motion to compel, it appears that this document is
13 plaintiff's discovery requests because he provided no responses by defendant.  Plaintiff is advised
14 that he cannot file a motion to compel responses until he has received and reviewed defendant's
15 discovery responses.  Thus, plaintiff's motion to compel is denied without prejudice, but
16 defendant Sims should construe plaintiff's filing as plaintiff's discovery propounded pursuant to
17 the court's February 28, 2014 order.  Plaintiff is cautioned that discovery requests should not be
18 filed with the court unless, and until, properly at issue.

19      On April 9, 2014, plaintiff filed a document entitled "Objection to Prior Order. . . ."  (ECF
20 No. 56.)  On February 28, 2014, the undersigned issued an order partially granting plaintiff's
21 motion to modify the scheduling order.  (ECF No. 51.)  To the extent plaintiff seeks
22 reconsideration of that order, plaintiff's request is untimely.  Local Rule 303(b), states "rulings by
23 Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within
24 fourteen days . . . from the date of service of the ruling on the parties."  Id.  Plaintiff's April 9,
25 2014 filing was given to prison officials for mailing on March 28, 2014.  "[T[he Houston
26 mailbox rule applies to § 1983 complaints filed by pro se prisoners."  Douglas v. Noelle, 567 F.3d
27 1103, 1109 (9th Cir. 2009), citing Houston v. Lack, 487 U.S. 266, 275-76 (1988).  Thus,
28 plaintiff's filing is untimely and is denied.

On April 9, 2014, plaintiff filed a motion for lodgment of exhibits.  Plaintiff is advised that the court will retain the exhibits in the court record; however, if plaintiff relies on such exhibits in subsequent filings, he must sufficiently identify the exhibit so that the opposing party and the court can identify the exhibit on which plaintiff relies.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Sims' motion to dismiss (ECF No. 52) is denied without prejudice;

2. Defendant Sims may file, within thirty days from the date of this order, a motion for summary judgment based on plaintiff's alleged failure to exhaust administrative remedies, that includes notice to plaintiff of the requirements for opposing the motion.  See Woods, 684 F.3d at 935; Rand, 154 F.3d at 957;

3. Plaintiff's motion to compel (ECF No. 54) is denied without prejudice;

4. Plaintiff's objections (ECF No. 56) are denied as untimely;

5. Plaintiff's motion for lodgment of exhibits (ECF No. 55) is granted; and

6. Plaintiff's April 14, 2014 motion for extension of time to oppose the motion to dismiss (ECF No. 57) is denied as moot.

Dated:  April 16, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pent3319.Alb

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial.  If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant.  A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1]  To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your denial.  See L.R. 260(b).  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies.  See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, ___ F.3d ___, 2014 WL 1317141 (9th Cir. April 3, 2014).